## Semanczyk v. Moran

*James A. Dolphin*, for plaintiff.
*J. T. Lyons*, for defendant.

HICKS, P. J., December 23, 1935.—Defendant's real property was sold by the sheriff on March 9, 1935. In pursuance of Rule 276 of our rules of court, based upon the Act of June 4, 1901, P. L. 357, as amended by the Act of June 12, 1931, P. L. 542, the sheriff made a special return, to which exceptions were filed. An auditor was appointed to make disposition of the proceeds of the sale.

The auditor filed his report on November 1, 1935, which was confirmed nisi on November 11, 1935. In his report, making distribution of the proceeds of the sheriff sale, he disallowed a tax lien which was filed by William D. Becker, tax collector for the Borough of Mahanoy City, against the said John J. Moran, defendant, for $1,155.38, on December 27, 1932, to no. 40, January term, 1933, for taxes due for the years 1929-30-31. To this action of the auditor, William D. Becker, tax collector, as claimant, excepted as follows: "That the auditor erred in not allowing the claim . . . amounting (after deductions of borough and school taxes for years 1930 and 1931 as per liens filed) to $456.14."

The tax lien which was disallowed was filed in the prothonotary's office, as expressly stated therein, under the Act of June 4, 1901, P. L. 364, sec. 11, and is entitled, "Wm. D. Becker tax collectors for Mahanoy City County of Schuylkill and State of Pennsylvania, to the use of the County of Schuylkill, and tax collector vs John J. Moran owner of real estate." It recites, "Tax collector

of Mahanoy City files a claim for taxes, etc., against the following described real estate, to wit: [defendant's property]". It then continues that the claim is for taxes levied under the several acts of assembly authorizing the levying and collecting of taxes by the several counties and municipalities throughout the Commonwealth and is for taxes due for the years 1929-30-31 from the said John J. Moran on the described property which he owns and against which the claim for taxes is filed. The taxes for which the lien was filed are set out as county tax, funded debt, borough, and school, together with penalties in the total of $1,155.38, without apportionment as to the three years alleged to be delinquent. The lien was signed by "Wm. D. Becker, Tax Collector". The affidavit to the same was taken and subscribed to by the said tax collector. The lien is endorsed in the same manner as it is entitled in its body.

Because there is no authority or statutory enactment authorizing a tax collector to file a tax lien, because it was filed under the Act of June 4, 1901, P. L. 364, sec. 11, which had been repealed, because it includes within it, joined in one claim, the three municipalities, County of Schuylkill, Borough of Mahanoy City and the School District of Mahanoy City, because it failed to specify the time for which the tax was levied or the several amounts alleged to be due for the respective years and because it was not signed by the solicitor or chief executive officer of the respective municipalities, the auditor disallowed the claim. The Act of June 4, 1901, P. L. 364, which gave a lien in favor of counties, boroughs, and school districts, etc., and prescribed the time when and the manner in which the claim might be filed and the procedure under which it might be enforced, furnished a complete system for the collection of taxes through a recorded lien: Claysville Borough School Dist. v. Worrell, 37 Pa. Superior Ct. 10, 15; it was wholly repealed as to tax liens and claims by the Act of May 24, 1921, P. L. 1089, sec. 32, supplemented by the Act of May 16, 1923, P. L. 207. The Act

of 1923, supra, with its amendments and supplements, on December 27, 1932, when the tax lien in question was filed, authorized and controlled the filing of tax liens and it is under those acts of assembly that the exception in this case must be disposed of.

It is of interest in the first place to learn who has the right to file a lien for taxes and whether the tax collector had the right to file the lien in this case. Section 4 of the Act of May 16, 1923, P. L. 207, 53 PS §2024, provides that: "The lien for taxes shall exist in favor of, and the claim therefor may be filed against the property taxed by, any municipality to which the tax is payable." This states quite clearly that a tax lien exists in favor of any municipality to which the tax is payable, by whom it may be filed. The word "municipality", as used in the act, means any county, borough, school district, city, incorporated town, township, and poor district: Act of May 16, 1923, P. L. 207, sec. 1, as amended by the Act of April 30, 1929, P. L. 902, 53 PS §2021. Certainly, the tax collector does not come within the definition of the one who may file a tax lien. In this lien, the tax collector included a number of years' taxes for three different claimants. This may not be done: the Act of 1923, supra, sec. 9, as amended by the Acts of May 4, 1927, P. L. 729, sec. 2, and May 4, 1927, P. L. 733, sec. 3, 53 PS §2029, expressly provides that: "A number of years' taxes or rates of different kinds, if payable to the same plaintiff, may be included in one claim." This tax claim includes taxes due to the county, borough, and school district.

This claim was signed by the tax collector, which is not in compliance with the provisions of the act. The Act of 1923, supra, sec. 10, as amended by the Act of April 16, 1929, P. L. 526, sec. 1, 53 PS §2030, provides that: "Said claim must be signed by, or have stamped thereon a facsimile signature of, the solicitor or chief executive officer of the claimant". And the word "claimant" as used in the act means the plaintiff or use-plaintiff in whose favor the claim is filed as a lien.

It is quite clear, from the foregoing, without discussing any other of the reasons, that William D. Becker, as tax collector, had no authority whatsoever to file a tax lien and that this authority, and the manner in which it was to be exercised, was given by statute to no one except municipalities.

And now, December 23, 1935, the exception filed to the auditor's report in this case is dismissed, the auditor's report is hereby confirmed absolutely and the sheriff is directed to make distribution in accordance with that report.

And now, December 23, 1935, upon motion of counsel for William D. Becker, an exception is allowed and bill sealed.                From G. Harold Watkins, Frackville.